UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Michael Carter<br>162 Darrow St<br>Quincy, MA 02169<br>  And<br>Darline Luggelle-Carter<br>162 Darrow St<br>Quincy, MA 02169<br>  Plaintiff<br>vs.<br><br>Robert Rubel<br>1903 Fourth Ave.<br>St Catharines, ON L2R 6P4<br><br>And<br><br>Matt Boverhoff<br>1551 North Service Road<br>St Catharines, ON L2R 6P9<br><br>And<br><br>4047753 Canada, Inc. d/b/a Trillium Floral<br>1551 North Service Road<br>St Catharines, ON L2R 6P9<br>  Defendants | Civil Action # _____<br><br><br><br><br><br>JURY TRIAL DEMANDED |

# **COMPLAINT**

## **PARTIES**

1. Plaintiff, Michael Carter, is a resident of the State of Massachusetts, residing at the address listed in the caption of this Complaint.

2. Plaintiff, Darline Luggelle-Carter, is a resident of the State of Massachusetts, residing at the address listed in the caption of this Complaint.

3. Upon information and belief, Defendant, Robert Rubel, is a resident of the Province of Ontario, residing at the address listed in the caption of this Complaint.

4. Upon information and belief, Defendant, Matt Boverhoff, is a resident of the Province of Ontario, residing at the address listed in the caption of this Complaint.

5. Defendant, 4047753 Canada, Inc. d/b/a Trillium Floral, is a business entity registered to do business in the Province of Ontario, with a business address listed in the caption of this Complaint.

## JURISDICTION

6. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiffs, Michael Carter and Darline Luggelle-Carter, are citizens of Massachusetts and the Defendant, Robert Rubel, is a citizen of Ontario and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7. The Court has jurisdiction over this claim against the Defendant, Kerri K. Cunniff, for money damages pursuant to 28 U.S.C. § 1332.

## FACTS

8. On or about September 18, 2019, at approximately 7:30 a.m., Plaintiff, Darline Luggelle-Carter was the passenger of a vehicle, operated by Plaintiff, Michael Carter, traveling on the exit 26 ramp of Route 93, in Boston, MA.

9. At or about the same date and time, Defendant, Robert Rubel, was the operator of a motor vehicle, which was owned by Defendants, Matt Boverhoff and 4047753 Canada, Inc. d/b/a Trillium Floral, which was traveling at or near the aforesaid intersection and/or location of Plaintiffs' vehicle.

10. At about the same date and time, Defendants' vehicle was involved in a motor vehicle collision with Plaintiffs' vehicle.

11. At all times relevant hereto, upon information and belief, Defendant, Robert Rubel, was operating the aforementioned defendants, Matt Boverhoff and 4047753 Canada, Inc. d/b/a Trillium Floral's motor vehicle as defendants' agent, servant and/or employee acting in the scope of their agency.

12. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as to rear-end Plaintiffs' vehicle.

13. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiffs.

14. As a result of the accident, Plaintiffs suffered serious, severe and permanent bodily injuries, as set forth more fully below.

## COUNT I – NEGLIGENCE
### Michael Carter v. Robert Rubel

15. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

    a. Rear-ending Plaintiff's vehicle;

    b. Operating his vehicle into Plaintiff's lane of travel;

    c. Failing to maintain proper distance between vehicles;

    d. Operating his vehicle in a negligent and/or careless manner so as to rear-end Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

    e. Failing to have his vehicle under proper and adequate control;

f. Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Failure to keep a proper lookout;

h. Failure to apply brakes earlier to stop the vehicle without rear-ending Plaintiff's vehicle;

i. Being inattentive to his duties as an operator of a motor vehicle;

j. Disregarding traffic lanes, patterns, and other devices;

k. Driving at a dangerously high rate of speed for conditions;

l. Failing to remain continually alert while operating said vehicle;

m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o. Failing to exercise ordinary care to avoid a rear-end collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

r. Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    s. Failing to operate his vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts pertaining to the operation and control of motor vehicles;

16. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including back and foot injuries, all to Plaintiff's great loss and detriment.

17. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

18. As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

19. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to his personal property, all to Plaintiff's great loss and detriment.

20. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

21. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

## COUNT II – NEGLIGENT ENTRUSTMENT
### Michael Carter v. Matt Boverhoff

22. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

23. The negligence and/or carelessness of Defendant, Matt Boverhoff, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting Defendant, Robert Rubel, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting Robert Rubel, to operate the motor vehicle when Defendant, Matt Boverhoff, knew, or in the exercise of due care and diligence, should have known that Defendant, Robert Rubel, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Matt Boverhoff, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Robert Rubel's negligent operation of the motor vehicle.

24. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including injuries to the back and foot, all to Plaintiff's great loss and detriment.

25. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may

in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

27. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his personal property, all to Plaintiff's great loss and detriment.

28. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Michael Carter, demands judgment in Plaintiff's favor and against Defendant, Matt Boverhoff, plus interest and costs and such other and further relief as this Court deems meet and just.

## COUNT III – NEGLIGENT ENTRUSTMENT
**Michael Carter v. 4047753 Canada, Inc. d/b/a Trillium Floral**

29. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

30. The negligence and/or carelessness of Defendant, 4047753 Canada, Inc. d/b/a Trillium Flora, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

    a. Permitting Defendant, Robert Rubel, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b. Permitting Robert Rubel, to operate the motor vehicle when Defendant, 4047753 Canada, Inc. d/b/a Trillium Flora, knew, or in the exercise of due

    care and diligence, should have known that Defendant, Robert Rubel, was capable of committing the acts of negligence set forth above;

  c. Failing to warn those persons, including the Plaintiff, that Defendant, 4047753 Canada, Inc. d/b/a Trillium Flora, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Robert Rubel's negligent operation of the motor vehicle.

31. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including injuries to the back and foot, all to Plaintiff's great loss and detriment.

32. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

33. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

34. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his personal property, all to Plaintiff's great loss and detriment.

35. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Michael Carter, demands judgment in Plaintiff's favor and against Defendants, 4047753 Canada, Inc. d/b/a Trillium Floral, plus interest and costs and such other and further relief as this Court deems meet and just.

### COUNT IV – RESPONDEAT SUPERIOR
### Michael Carter v. 4047753 Canada, Inc. d/b/a Trillium Floral

36. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

37. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

   a. Rear-ending Plaintiff's vehicle;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Failure to keep a proper lookout;

   h. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

   i. Being inattentive to his duties as an operator of a motor vehicle;

   j. Disregarding traffic lanes, patterns, and other devices;

    k. Driving at a high rate of speed which was high and dangerous for conditions;

    l. Failing to remain continually alert while operating said vehicle;

    m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

    o. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    p. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

    q. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    r. Driving too fast for conditions;

    s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts, pertaining to the operation and control of motor vehicles;

38.    As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including injuries to the back and foot, all to Plaintiff's great loss and detriment.

39. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

40. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

41. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

42. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Michael Carter, demands judgment in Plaintiff's favor and against Defendant, 4047753 Canada, Inc. d/b/a Trillium Floral, plus interest and costs and such other and further relief as this Court deems meet and just.

### COUNT V – NEGLIGENCE
### Darline Luggelle-Carter v. Robert Rubel

43. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

    a. Rear-ending the vehicle in which the Plaintiff was a passenger;

    b. Operating his vehicle into Plaintiff's lane of travel;

    c. Failing to maintain proper distance between vehicles;

d. Operating his vehicle in a negligent and/or careless manner so as to rear-end the vehicle in which the Plaintiff was a passenger without regard for the rights or safety of Plaintiff or others;

e. Failing to have her vehicle under proper and adequate control;

f. Operating her vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Failure to keep a proper lookout;

h. Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle in which the Plaintiff was a passenger;

i. Being inattentive to her duties as an operator of a motor vehicle;

j. Disregarding traffic lanes, patterns, and other devices;

k. Driving at a dangerously high rate of speed for conditions;

l. Failing to remain continually alert while operating said vehicle;

m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o. Failing to exercise ordinary care to avoid a rear-end collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

   r. Continuing to operate the vehicle in a direction towards the vehicle in which the Plaintiff was a passenger when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

   s. Failing to operate his vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts pertaining to the operation and control of motor vehicles;

44. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including neck, back, chest, and shoulder injuries, all to Plaintiff's great loss and detriment.

45. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

46. As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

47. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to her personal property, all to Plaintiff's great loss and detriment.

48. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

49.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

### COUNT VI – NEGLIGENT ENTRUSTMENT
#### Darline Luggelle-Carter v. Matt Boverhoff

50.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

51.     The negligence and/or carelessness of Defendant, Matt Boverhoff, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting Defendant, Robert Rubel, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting Robert Rubel, to operate the motor vehicle when Defendant, Matt Boverhoff, knew, or in the exercise of due care and diligence, should have known that Defendant, Robert Rubel, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Matt Boverhoff, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Robert Rubel's negligent operation of the motor vehicle.

52.     As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and

injuries, including injuries to the neck, back, chest, and shoulder, all to Plaintiff's great loss and detriment.

53. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

54. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

55. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his personal property, all to Plaintiff's great loss and detriment.

56. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Darline Luggelle-Carter, demands judgment in Plaintiff's favor and against Defendant, Matt Boverhoff, plus interest and costs and such other and further relief as this Court deems meet and just.

### COUNT VII – NEGLIGENT ENTRUSTMENT
### Darline Luggelle-Carter v. 4047753 Canada, Inc. d/b/a Trillium Floral

57. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

58. The negligence and/or carelessness of Defendant, 4047753 Canada, Inc. d/b/a Trillium Floral, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

a. Permitting Defendant, Robert Rubel, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

b. Permitting Robert Rubel, to operate the motor vehicle when Defendant, 4047753 Canada, Inc. d/b/a Trillium Floral, knew, or in the exercise of due care and diligence, should have known that Defendant, Robert Rubel, was capable of committing the acts of negligence set forth above;

c. Failing to warn those persons, including the Plaintiff, that Defendant, 4047753 Canada, Inc. d/b/a Trillium Floral, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Robert Rubel negligent operation of the motor vehicle.

59. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including injuries to the neck, back, chest, and shoulder, all to Plaintiff's great loss and detriment.

60. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

61. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

62. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to her personal property, all to Plaintiff's great loss and detriment.

63. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Darline Luggelle-Carter, demands judgment in Plaintiff's favor and against Defendant, 4047753 Canada, Inc. d/b/a Trillium Floral, plus interest and costs and such other and further relief as this Court deems meet and just.

### COUNT VIII – RESPONDEAT SUPERIOR
### Darline Luggelle-Carter v. 4047753 Canada, Inc. d/b/a Trillium Floral

64. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

65. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

   a. Rear-ending the vehicle in which the Plaintiff was a passenger;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Failure to keep a proper lookout;

h.  Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or the vehicle in which the Plaintiff was a passenger;

i.  Being inattentive to his duties as an operator of a motor vehicle;

j.  Disregarding traffic lanes, patterns, and other devices;

k.  Driving at a high rate of speed which was high and dangerous for conditions;

l.  Failing to remain continually alert while operating said vehicle;

m.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

p.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

q.  Continuing to operate the vehicle in a direction towards the vehicle in which the Plaintiff was a passenger when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

r.  Driving too fast for conditions;

s.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts, pertaining to the operation and control of motor vehicles;

66. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including injuries to the neck, back, chest, and shoulder, all to Plaintiff's great loss and detriment.

67. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

68. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

69. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

70. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Darline Luggelle-Carter, demands judgment in Plaintiff's favor and against Defendant, 4047753 Canada, Inc. d/b/a Trillium Floral, plus interest and costs and such other and further relief as this Court deems meet and just.

## **PRAYER FOR RELIEF**

71. Plaintiff, therefore requests a judgment in Plaintiff's favor and against Defendant for compensatory damages and such other relief as this court deems just and proper.

                        Respectfully submitted,

                        SIMON & SIMON, P.C.

Dated:

                       BY:   *Sam Miller, Esq*
                       Sam Miller, Esquire
                       BBO# 677066

                       SIMON & SIMON, P.C.
                       Attorneys for Plaintiff
                       114 State Street, 4th Floor
                       Boston, MA 02109
                       857-233-0559
                       briangeorge@gosimon.com